Singer Equip. Co., Inc. v Chapin Sch., Ltd. (2022 NY Slip Op 02351)

Singer Equip. Co., Inc. v Chapin Sch., Ltd.

2022 NY Slip Op 02351

Decided on April 07, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 07, 2022

Before: Manzanet-Daniels, J.P., Kern, Gesmer, Oing, Rodriguez, JJ. 

Index No. 654732/16 Appeal No. 15682-15682A Case No. 2020-04402 

[*1]Singer Equipment Company, Inc., Plaintiff-Respondent-Appellant,
v
The Chapin School, Ltd., Doing Business as The Chapin School, Defendant-Respondent, Director Door Industries, Ltd., Defendant-Appellant-Respondent, Atlantic Specialty Insurance Company, Defendant.

Law Offices of Steven Cohen LLC, Bronx (Wilber Trivino of counsel), for appellant-respondent.
Reeve Brown PLLC, Rochester (Guy A. Talia of counsel), for respondent-appellant.
Duane Morris LLP, New York (John S. Wojak, Jr. of counsel), for respondent.

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered October 7, 2020, which, to the extent appealed from, denied plaintiff Singer Equipment Company, Inc. and defendant Director Door Industries, Inc.'s respective motions for summary judgment to foreclose on their mechanic's liens, and granted defendant Chapin School, Ltd.'s motion for summary judgment dismissing the second amended complaint and all cross claims against it, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered October 20, 2020, which vacated the mechanic's liens, unanimously dismissed, without costs, as academic.
The construction manager for the renovation project involved in this action, nonparty Ibex Construction Company, LLC, entered into a letter of intent with Chapin, the owner of the premises, in which Ibex agreed to perform limited construction management services in exchange for payment, portions of which would be paid to Ibex's subcontractors for work they performed. Chapin terminated Ibex after it determined that Ibex had not paid its subcontractors, including Singer and Director Door, for all the work they performed.
Singer and Director Door's argument that they are entitled to Chapin's retainage funds on the ground that they were trust asset funds under article 3 of the Lien Law is unavailing. The funds were never due to Ibex, and it possessed no future right of action with respect to them, as it materially breached its agreement with Chapin and had not completed the work that it contractually agreed to perform. Thus, the funds were never assets of a construction management's trust (see Pecker Iron Works, Inc. v New York Trades Council Assn. of N.Y.C. Health Ctr. Inc., 22 AD3d 259, 260 [1st Dept 2005], lv denied 6 NY3d 711 [2006]).
We have considered Singer and Director Door's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 7, 2022